THE STATE OF OHIO *v.* BRUNT.

[Cite as State v. Brunt (1977), 53 Ohio Misc. 1.]

(No. 77 CRW 07377—Decided October 12, 1977.)

Akron Municipal Court.

*Mr. Bruce Lane*, for plaintiff.
*Mr. James Brunt, pro se.*

GEORGE, J.   This matter in contempt of court came on for hearing on October 7, 1977, the defendant being then a duly sworn juror, summoned to serve in the case of *State of Ohio* v. *Carl Harris*, case No. 77 CRB 07154.

The defendant, along with other prospective jurors, was summoned in that cause on October 6, 1977, which was the fourth day of his jury duty.   During the *voir dire* conducted by the court, the following dialogue took place:

"The court realizes that your service on a jury panel is not always convenient and that there are instances where service would not only be a mere inconvenience, but would constitute a great hardship to the individual or to his or her family. Under such circumstances the court may excuse a juror for good cause. At this time then, if there is someone on the panel of prospective jurors who desires to be excused from jury service for such a hardship, the court will hear from you."

There was no response from any of the prospective jurors, including the defendant.

Thereafter a panel of eight jurors, and one alternate were seated and sworn, which included the defendant as Juror No. 5, in the *Harris* case.

The court gave some preliminary instructions and recessed the jury until 9:00 a. m. the next morning, October 7, 1977.

On October 7, 1977, at 9:30 a. m., the court being then ready to proceed with the taking of testimony in the *Harris* case, had the bailiff summon the jury, whereupon it was discovered that Juror No. 5, the defendant, was not present.

Inquiry was made of the Jury Commissioner's Office to determine if Mr. Brunt had reported there in error. He had not.

The court then instructed a police officer to send a car out to the defendant's address to see if he was at his residence and if so, to bring him into court.

At 10:30 a. m. two uniformed officers escorted the defendant into court.

When the defendant was asked why he did not appear at 9:00 a. m. as ordered by the court, he indicated that he didn't feel well, that he was still in bed when the officers arrived, that he was not being paid by his employer for his jury service, and that although he was due at work at 7:00 a. m., he intended to go in to work later in the day.

When the defendant was asked if he could give this matter his undivided attention for the remainder of the day, in view of the fact that he had already missed a substantial part of the work day, he replied in the negative. He said

that he would be thinking about how much money he would be losing.

The prosecutor moved that the defendant be excused from serving on this panel on the basis that the defendant could not give the matter his complete attention and that the state's case would be prejudiced by the fact that two police officers aroused the defendant and escorted him into court. The defense objected to the defendant's removal from the case. The court granted the motion of the state to excuse the defendant, James Brunt, on the basis that he was inattentive to the proceedings and that his unwilling appearance as a juror, as well as his conduct and attitude reflected that he would not be an impartial juror. The defendant was then charged with a contempt of court for failing to appear as a juror in the case of *State* v. *Harris*.

The court finds that the conduct of the defendant is a contempt of this court in violation of R. C. 1913.17, which reads:

"For neglecting, or refusing to attend when properly summoned, or refusing to serve when in attendance, jurors in an action before a judge of a county court are subject to the same forfeiture, and shall be proceeded against in the same manner as provided in sections 1913.05 and 1913.06 of the Revised Code."

Such contempt is by reason of the defendant's failure to appear as a juror which delayed and interfered with the orderly administration of justice in the case of *State* v. *Harris* and other matters then pending before the court.

The penalty for such contempt being that as provided under R. C. 1913.06, and the defendant having plead No Contest and the court having found the defendant James Brunt guilty, imposes a fine against the defendant in the amount of $10 plus the costs of this action.

*Defendant guilty.*